STATE OF MAINE                           SUPERIOR COURT
AROOSTOOK, ss.                           DKT. NO. CARSC-CV-2017-040

                              )
PATRICIA M. AKERSON,          )
                              )
                              )
      Plaintiff,              )
                              )
v.                            )          **ORDER DENYING PLAINTIFF'S**
                              )          **MOTION TO EXCLUDE RECORDS**
CARY MEDICAL CENTER,          )
                              )
      Defendant.              )

In this action for professional negligence, Plaintiff Patricia M. Akerson moves to exclude six pages of records produced by Defendant Cary Medical Center following completion of the pre-litigation screening panel process. Plaintiff argues, in essence, that she is prejudiced by Defendant's failure to make these records part of the panel process because the panel has already issued its findings and she has already taken depositions based on the assumption that these records did not exist. Defendant argues that only it was prejudiced by the failure to produce during the panel process because the six pages of records were helpful to its position before the panel.

This case stems from Plaintiff's October 12, 2015 visit to Defendant's emergency room where she was treated for an expanding hematoma. Plaintiff alleges that Defendant negligently failed to treat the hematoma properly and that she was discharged on October 12 with boilerplate instructions that failed to reference the risks associated with expanding hematomas and skin ischemia. Plaintiff had to return to the hospital the next day with a ruptured hematoma. Defendant asserts that it discharged her with boilerplate discharge instructions along with the additional six pages that are the subject of this motion.[1]

---

[1] Defendant also asserts that it does not consider these six pages to be part of Plaintiff's medical record, which is why they were not provided when Plaintiff exercised her statutory right to obtain a certified copy of her complete medical record. *See* 22 M.R.S. § 1711 (2017). The proposition that these six pages—

1

This issue has come about because the parties proceeded through the pre-litigation screening panel process, had the panel hearing on January 18, 2018, and received the panel's findings following the hearing. *See* 24 M.R.S. §§ 2851-2859 (2017). Not until one week after the panel hearing was held did Defendant produce the six pages at issue with the intent to use them during the course of the litigation regarding any professional negligence by Defendant. Plaintiff argues that this would negate the panel process and decree because it would require what is effectively a re-litigation of the panel findings. She also argues it would require re-deposing witnesses. Defendant argues that any prejudice suffered as a result of this failure to disclose these six pages was borne by Defendant because it believes these documents would have been useful to its position before the screening panel. Both parties point to *Jucius v. Estate of O'Kane*, 511 A.2d 1053 (Me. 1986), each for their opposing positions.

The plaintiff in Jucius sought to hold the doctor liable for failing to diagnose a bowel infarction. *Id.* at 1053-54. On the morning of trial, the doctor's attorney gave the plaintiff's attorney and the court a copy of progress notes which contained two additional entries from the copy of the progress notes previously obtained by the plaintiff. *Id.* at 1054. The trial court excluded the copy of the progress notes that the plaintiff had previously obtained and substituted the copy with the two additional notes, thus barring the plaintiff from questioning the doctor about the discrepancy between the two sets of progress notes. *Id.* at 1055. On appeal, the Law Court "[did] not approve of the removal of [the copy without the two additional entries] from the Hospital's medical records admitted into evidence and its replacement by [the copy with the two additional entries]." *Id.* The Law Court emphasized that, "[f]or the integrity of judicial review of

which contain detailed information about home care and warning signs related to her injury—are not medical records strikes the Court as strange, particularly when it appears that Defendant is angling to use these six pages in an attempt to show comparative negligence on Plaintiff's part.

2

the hospital process[,] it is essential that *complete and accurate* hospital medical records be admitted, as appropriate, into evidence." *Id.* (emphasis added). It held that the trial court's error was harmless because the two additional entries were not relevant to Plaintiff's claim of when the bowel infarction occurred. *Id.* at 1056.

The lesson to be learned from *Jucius* is that the entire medical record, as applicable, should be before the fact-finder. Any exclusion of the six pages at issue on the motion would not allow the fact-finder to decide the case with the full picture in mind. Plaintiff argues that she never received these six pages when she was originally discharge. Defendant argues she did receive them. This is a discrepancy that can be put before the fact-finder. Either way, "it is essential that *complete and accurate* hospital medical records be" used this case. *Id.* (emphasis added).

The Court is cognizant of the burden that might be placed on Plaintiff should Plaintiff have to re-depose any number of witnesses who may have something to say on the six additional pages of the discharge notes. Because the absence of these six pages during the panel process was due to actions (or inactions) on Defendant's part, however inadvertent, Defendant should bear the cost of any depositions that need to be retaken in order for a complete discovery record to be established. Also, the court notes that its decision to allow the use of the new records in no way alters or affects the result and findings made by the screening panel, and that the panel findings are admissible in any subsequent court action pursuant to 24 M.R.S. § 2857 (1)(B) and (C). The entry is:

1. Plaintiff's Motion to Exclude New Records is **DENIED**. As Plaintiff's remedy for Defendant's failure to produce these records previously, any costs necessary for Plaintiff to depose or re-depose witnesses or parties based on these six pages of records shall be borne by Defendant.
2. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

3

Dated: 9/17/18

The Hon. Harold Stewart II
Justice, Maine Superior Court

4